IN THE UNITED STATES DISTRICT COURT
STATE OF SOUTH CAROLINA
GREENWOOD DIVISION
CIVIL ACTION NO. 8:09-CV-3029-RBH

| | |
|---|---|
| ALISON JAY, ) | |
| PERSONAL REPRESENTATIVE OF THE ) | |
| ESTATE OF JEREMY WESLEY ) | |
| JAY, DECEASED ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| GREENTREE TRANSPORTATION ) | |
| COMPANY; TRANSPORT ) | |
| INVESTMENTS, Inc.; ) | |
| SAUL A. CARBALLO, an individual ) | |
| ) | (JURY TRIAL) |
| ) | |
| DEFENDANTS. ) | |
| ) | |

The Plaintiff complaining of the Defendants above named respectfully show unto the Court as follows:

1.      That Plaintiff Alison Jay (hereinafter "Plaintiff") is a citizen and resident of Edgefield County in the State of South Carolina and was so at the time of the occurrence set forth herein and is the duly appointed personal representative of the Estate of Jeremy Wesley Jay, deceased, who died on October 26, 2009 and who, at the time of his death was a resident of Edgefield County, South Carolina.

2.      That the Defendant Greentree Transportation Company (hereinafter "Greentree Transportation") is a corporation organized and existing under the laws of the State of

Pennsylvania, is engaged in interstate commerce, is subject to the rules of the Interstate Commerce Commission, does business throughout the continental United States, including the State of South Carolina, and at the time of the collision hereinafter referred to was using the highways of the State of South Carolina, was doing business in the State of South Carolina, and is therefore subject to the jurisdiction of this Court.

3.    That the Defendant Transport Investments, Inc. (hereinafter "Transport Investments") is a corporation organized and existing under the laws of the State of Delaware, is engaged in interstate commerce, is subject to the rules of the Interstate Commerce Commission, does business throughout the continental United States, including the State of South Carolina, and at the time of the collision hereinafter referred to was using the highways of the State of South Carolina, was doing business in the State of South Carolina, and is therefore subject to the jurisdiction of this Court.

4.    That the Defendant Saul A. Carballo (hereinafter "Carballo") is a resident citizen of the State of Texas. That "Carballo" on the date and occasion made the basis of this Complaint was an agent, servant, and employee of "Greentree Transportation" and "Transport Investments" and was operating the subject tractor- trailer hauling cargo on behalf of "Greentree Transportation" and "Transport Investments." That the subject cargo was caused to strike a highway overpass and fall from said tractor-trailer onto the vehicle operated by "Plaintiff's" decedent, resulting in his death.

5.    That the matter in controversy exceeds Seventy-five Thousand Dollars ($75,000) exclusive of interest and costs, and complete diversity of citizenship exists between the parties and there is jurisdiction in this Court pursuant to Section 1332 of Title 28 of the United States Code.

## COUNT ONE

6.     On October 26, 2009, "Carballo," while working within the line and scope of his employment with "Greentree Transportation" and "Transport Investments," was driving a 2002 Kenworth tractor-trailer commercial vehicle northbound on Augusta Road at or near Mimms Street in the City of Edgefield, South Carolina.  At said date and time "Plaintiff's" decedent was operating a motor vehicle in the southbound lane of Augusta Road at or near Mimms Street in the City of Edgefield, South Carolina.  On said date and occasion and while acting as agent, servant and employee of "Greentree Transportation" and "Transport Investments," and within the scope of his authority, "Carballo" carelessly, reckelessle, willfully, wantonly, negligently and grossly negligently caused the cargo transported on the tractor-trailer unit he was operating to strike a highway overpass and fall from said tractor trailer onto the vehicle operated by "Plaintiff's" decedent, resulting in his death.

7.     The direct and proximate cause of the death of Jeremy Wesley Jay was the separate and several negligent, careless, reckless, willful, wanton, gross negligence and/or intentional acts of "Carballo" in the following particulars:

a.     In failing to obey the laws and statutes of the State of South Carolina regarding the operation of motor vehicles;
b.     In failing to obey and/or disregarding traffic control devices and signs for truck bypass;
c.     In failing to obey and/or disregarding traffic control devices and signs for motor vehicle height restrictions;
d.     In failing to keep a proper lookout;
e.     In causing the subject cargo to strike a highway overpass and fall onto the vehicle operated by "Plaintiff's" decedent, resulting in his death;

      f.      In failing to determine the height of the subject tractor-trailer unit and cargo;

      g.      In improperly loading the subject cargo at an excess height;

      h.      In improperly securing the subject cargo;

      I.      By illegally placing the subject tractor trailer unit in use on the date and occasion made the basis of this cause which was non-compliant with the Federal Motor Carrier Safety Regulations in the following ways: (1) FMCSR 393.47(e)-Clamp or Roto type brake out-of adjustment/axle 3 right side; (2) FMCSR 393.53(b)-CMV manufactured after 10/19/94 has an automatic airbrake adjustment system that fails to compensate for wear; (3) FMCSR 393.9(a)-Inoperable required lamp/left rear turn Inop.; (4) FMCSR 393.25(f) Stop lamp violations/left side Inop.; (5) FMCSR 393.9T-Inoperable tail lamp/left side Inop.; and

      J.      In failing to act as a reasonable and prudent person would under the circumstances then and there existing.

      8.      Based upon the foregoing, the Plaintiff is informed and believes that she is entitled to compensatory and punitive damages to deter the Defendants in the future from willfully, wantonly, grossly negligently and intentionally acting in such manner as set out hereinabove.

      WHEREFORE, the Plaintiff demands judgment against the Defendants for the wrongful death of Jeremy Wesley Jay in a sum a jury deems just and proper.

## COUNT TWO

9. Plaintiff realleges and avers all of the foregoing paragraphs as if fully set out herein.

10. On October 26, 2009, "Carballos" negligently, carelessly, recklessly, willfully, wantonly and/or intentionally allowed the subject cargo to collide with a highway overpass, shift and fall from said tractor trailer onto the vehicle operated by "Plaintiff's" decedent, resulting in his death.

11. Defendants negligently and/or wantonly entrusted a commercial vehicle to "Carballos," who they knew, or should have known, is an incompetent driver.

12. As a proximate cause of the negligent and/or wanton conduct of the Defendants, the Plaintiff is informed and believes that she is entitled to compensatory and punitive damages to deter the Defendant in the future from willfully, wantonly, grossly negligently and intentionally acting in such manner as set out hereinabove.

WHEREFORE, the Plaintiff demands judgment against all Defendants for the wrongful death of Jeremy Wesley Jay in a sum a jury deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | s/Charles E. Simons, III |
| Aiken, South Carolina | Charles E. Simons, III (SC Bar Id.5109) |
| November 19, 2009 | Co-Counsel for Plaintiff (Fed. Id.#3844) |
|  | P.O. Box 939 |
|  | Aiken, South Carolina  29802 |
|  | (803) 649-6221 Telephone |
|  | (803) 648-7372 Facsimile |
|  | simonsiiic@bellsouth.net |

             McNAMEE & MILLER
By:   s/Jack B. McNamee
       Jack B. McNamee
       Co-Counsel for Plaintiff
       2126 Morris Avenue
       Birmingham, AL  35203
       (205) 321-1242 Telephone
       (205) 321-1250 Facsimile
       jmcnamee@mmattorney.net
       **TO BE ADMITTED PRO HAC VICE**

By:   s/Brian K. Miller
       Brian K. Miller
       Co-Counsel for Plaintiff
       2126 Morris Avenue
       Birmingham, AL  35203
       (205) 321-1242 Telephone
       (205) 321-1250 Facsimile
       bmiller@mmattorney.net
       **TO BE ADMITTED PRO HAC VICE**