IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Allison Jay, Personal Representative of the Estate of Jeremy Wesley Jay, Deceased, | C.A. No.: 8:09-CV-3029-RBH |
| Plaintiff, | **AMENDED ANSWER OF DEFENDANTS** |
| v. | **Jury Trial Demanded** |
| Greentree Transportation Company; Transport Investments, Inc.; Saul A. Carballo, an individual, | |
| Defendants. | |

The Defendants Greentree Transportation Company ("Greentree"), Transport Investments, Inc. ("Transport") and Saul A. Carballo ("Carballo"), collectively ("Defendants"), by and with the consent of the Plaintiffs, amending their Answer of February 2, 2010 to the Complaint of the Plaintiff would respectfully show unto the Court:

### **FOR A FIRST DEFENSE**

1. Defendants admit the allegations of Paragraph 1 upon information and belief.

2. Defendants admit the allegations of Paragraph 2 upon information and belief.

3. In response to the allegations of Paragraph 3 of Plaintiff's Complaint, Defendants admit that Defendant Transport Investments, Inc. is a corporation organized and existing under the laws of the State of Delaware, is engage in interstate commerce, is subject to the rules of the Interstate Commerce Commission, does business throughout the continental United States, including the State of South Carolina; the remaining allegations of Paragraph 3 are denied.

4.     In response to the allegations of Paragraph 4 of Plaintiff's Complaint, Defendants admit that Defendant Carballo is a resident citizen of the State of Texas, and that on the date and occasion made the basis of the Complaint was an agent, servant, and/or employee of Greentree Transportation and was operating the subject tractor-trailer hauling cargo on behalf of Greentree Transportation; that the subject cargo was caused to strike a highway overpass and fall from said tractor-trailer onto the vehicle operated by Plaintiff's decedent, resulting in his death; the remaining allegations, including any alleged agency by and between Carballo and Transport Investments, Inc. are denied.

5.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 5 and therefore deny the same and demand strict proof thereof.

6.     In response to Paragraph 6, Defendants admit that Defendant Carballo was working as an owner operator within the line and scope of his contract with Greentree Transportation and Transport Investments, while driving a 2002 Kenworth tractor trailer commercial vehicle northbound on Augusta Road at or near Mims Street in the City of Edgefield, South Carolina.

7.     Defendants admit, upon information and belief, that at the same date and time Plaintiff's decedent was operating a motor vehicle in the southbound lane of Augusta Road at or near Mims Street in the City of Edgefield, South Carolina. Defendants deny the remaining allegations of Paragraph 6.

8.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 7, including sub-parts and Paragraph 8 and demand strict proof thereof.

9.     Defendants deny the allegations of Plaintiff's prayer for relief.

10. In response to Paragraph 9, Defendants incorporate the preceding responses, not inconsistent herewith, as is fully set forth herein.

11. Defendants deny the allegations of Paragraphs 10, 11, 12 and Plaintiff's prayer for relief.

### FOR A SECOND DEFENSE

12. Defendants restate the foregoing responses and allegations and incorporate the same herein by reference.

13. Any award of punitive damages against the Defendants will violate the rights guaranteed by the Constitution of the State of South Carolina for the following reasons:

    a. Any award of punitive damages violates the prohibition against excessive fines found in Article I, Section 15 of the Constitution of the State of South Carolina;

    b. Any award of punitive damages violates the guarantee of due process found in Article I, Section 3, of the Constitution of the State of South Carolina because of the lack of objective guidelines upon which a jury might base its award; and, further, that such guidelines as do exist are arbitrary and void for vagueness.

### FOR A THIRD DEFENSE

14. Defendants restate the foregoing responses and allegations and incorporate the same herein by reference.

15. Any award of punitive damages against Defendants will violate rights guaranteed by the Constitution of the United States for the following reasons:

    a. Any award of punitive damages violates the prohibition against excessive fines found in the Eighth Amendment to the Constitution of the United States as

applied to the states by way of the due process clause of the Fourteenth Amendment to the Constitution of the United States.

b. Any award of punitive damages violates the guarantee of due process found in Fourteenth Amendment to the Constitution of the United States because of the lack of objective guidelines upon which a jury might base its award; and, further, that such guidelines as do exist are arbitrary and void for vagueness.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Defendants respectfully pray that the Complaint of the Plaintiff be dismissed with costs and for such other and further relief as the Court deems just and proper.

/s/ Kurt M. Rozelsky
Kurt M. Rozelsky (Federal Bar. No. 6299)
Smith Moore Leatherwood LLP
300 East McBee Avenue, Suite 500
Greenville, SC  29601
Phone: (864) 240-2424; Fax: (864) 240-2475
E-mail:Kurt.Rozelsky@smithmoorelaw.com

March 17, 2010