IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Alison Jay, Personal Representative of the Estate of Jeremy Wesley Jay, Deceased, | ) ) ) | C.A. No.: 8:09-cv-03029-RBH |
| Plaintiff, | ) ) | **DEFENDANT, MAMMOET USA SOUTH, INC.'S, AMENDED ANSWER TO** |
| vs. | ) ) | **PLAINTIFF'S AMENDED COMPLAINT AND CROSS-CLAIMS AGAINST DEFENDANTS** |
| Greentree Transportation Company; Transport Investments, Inc.; Saul A. Carballo and Mammoet USA South, Inc., | ) ) ) ) | **GREENTREE TRANSPORTATION COMPANY, TRANSPORT INVESTMENTS, INC. AND SAUL A. CARBALO** |
| Defendants. | ) ) | **(JURY TRIAL DEMANDED)** |

COMES NOW Mammoet USA South, Inc., Defendant in the above-styled case, (hereinafter also referred to as "Mammoet"), by and through its undersigned attorney of record, and hereby files its Amended Answer to the Plaintiff's Complaint (hereinafter "Plaintiff's Complaint") and asserts Cross-claims against Defendants Greentree Transportation Company; Transport Investments, Inc.; Saul A. Carballo as follows:

**FOR A FIRST DEFENSE**

1.    This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph one (1) of the Plaintiff's Amended Complaint. Therefore, said allegations are denied and this Defendant demands strict proof thereof.

2.    This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph two (2) of the Plaintiff's Amended Complaint. Therefore, said allegations are denied and this Defendant demands strict proof thereof.

3.    This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph three (3) of the Plaintiff's Amended Complaint. Therefore, said allegations are denied and this Defendant demands strict proof thereof.

4. This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph four (4) of the Plaintiff's Amended Complaint. Therefore, said allegations are denied and this Defendant demands strict proof thereof.

5. This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph five (5) of the Plaintiff's Amended Complaint. Therefore, said allegations are denied and this Defendant demands strict proof thereof.

## COUNT ONE

6. This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph six (6) of the Plaintiff's Amended Complaint. Therefore, said allegations are denied and this Defendant demands strict proof thereof.

7. This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph seven (7) of the Plaintiff's Amended Complaint, including all subparts contained therein. Therefore, said allegations are denied and this Defendant demands strict proof thereof.

8. This Defendant denies the allegations contained in paragraph eight (8) of the Plaintiff's Amended Complaint and demands strict proof thereof.

## COUNT TWO

9. This Defendant incorporates its prior responses contained in paragraphs one (1) through eight (8) as if set out fully herein.

10. This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph ten (10) of the Plaintiff's Amended Complaint. Therefore, said allegations are denied and this Defendant demands strict proof thereof.

11. This Defendant is without sufficient information or knowledge to either admit or

deny the allegations contained in paragraph eleven (11) of the Plaintiff's Amended Complaint. Therefore, said allegations are denied and this Defendant demands strict proof thereof.

12. This Defendant denies the allegations contained in paragraph twelve (12) of the Plaintiff's Amended Complaint and demands strict proof thereof.

13. This Defendant incorporates its prior responses contained in paragraphs one (1) through twelve (12) as if set out fully herein.

14. This Defendant admits the allegations contained in paragraph fourteen (14) of the Plaintiff's Amended Complaint to the extent that it correctly states this Defendant's place of incorporation and principal place of business. Further, this Defendant denies that it was acting as a "shipper" at the time of the incident made the basis of the Plaintiff's Amended Complaint and demands strict proof thereof.

15. This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph fifteen (15) of the Plaintiff's Amended Complaint. Therefore, said allegations are denied and this Defendant demands strict proof thereof.

## COUNT THREE

16. In response to paragraph sixteen (16) of the Plaintiff's Amended Complaint, this Defendant states that it contracted with Greentree Transportation to transport goods for this Defendant, but this Defendant denies that it acted as a 'shipper' or that it controlled or otherwise intervened in the means and methods by which Greentree Transportation and its selected driver chose to transport such goods. Further, this Defendant states that it did not choose the route or other specifics of the method for transporting such goods. Lastly, this Defendant states that it is without sufficient information or knowledge to respond to all other allegations contained in this paragraph and, therefore, said allegations are denied and this Defendant demands strict proof

thereof.

17. This Defendant denies the allegations contained in paragraph seventeen (17) of the Plaintiff's Amended Complaint, including all subparts contained therein, and demands strict proof thereof.

18. This Defendant denies the allegations contained in paragraph eighteen (18) of the Plaintiff's Amended Complaint, including all subparts contained therein, and demands strict proof thereof.

19. All other allegations contained in the Plaintiff's Complaint not specifically admitted to herein are denied and this Defendant demands strict proof thereof.

## FOR A SECOND DEFENSE

20. This Defendant incorporates its prior responses contained in paragraphs one (1) through nineteen (19) as if set out fully herein.

21. The Plaintiff's Amended Complaint fails to state a claim against Defendant Mammoet upon which relief can be granted.

## FOR A THIRD DEFENSE

22. This Defendant incorporates its prior responses contained in paragraphs one (1) through twenty-one (21) as if set out fully herein.

23. The Plaintiff's Complaint should be dismissed against Defendant Mammoet on the grounds that the damages alleged by the Plaintiff were caused by intervening and superseding causes over which Defendant Mammoet had no control and, therefore, the Plaintiff cannot recover from Defendant Mammoet.

## FOR A FOURTH DEFENSE

24. This Defendant incorporates its prior responses contained in paragraphs one (1)

through twenty-three (23) as if set out fully herein.

25. Punitive damages as currently awarded in South Carolina are violative of the United States and South Carolina Constitutions.

### FOR A FIFTH DEFENSE AND BY WAY OF CROSS-CLAIM
### AGAINST ALL OTHER DEFENDANTS

26. This Defendant incorporates its prior responses contained in paragraphs one (1) through twenty-five (25) as if set out fully herein, to the extent consistent herewith.

27. Reserving all of its defenses against Plaintiff's claims and without waiving same, Defendant Mammoet asserts cross-claims against the remaining Defendants in the alternative pursuant to Rule 13 of the Federal Rules of Civil Procedure.

28. Defendant Mammoet states that it contracted with Defendants Greentree Transportation Company and Transportation Investments, Inc. to deliver a container to Defendant Mammoet's location in Greenwood, South Carolina. Defendant Greentree Transportation Company and Transportation Investments, Inc. were responsible for the means and method of the delivery and were responsible for obtaining all permits and complying with all applicable laws with regard to the delivery.

29. Upon information and belief, Defendant Saul A. Carballo was acting as an employee, servant, and agent of Defendants Greentree Transportation Company and Transportation Investments, Inc. at all times relevant hereto.

30. Plaintiff's decedent was killed in an automobile accident on October 26, 2009, involving Defendant Saul A. Carballo while he was acting as an agent, servant, and employee of Defendants Greentree Transportation Company and Transportation Investments, Inc.

31. Defendant Mammoet was not directly at fault in any way regarding the accident.

32. If Defendant Mammoet is held liable to Plaintiff in this matter, it would be due to

the negligence, breach of contract, breach of warranty, and/or statutory violations of the remaining Defendants. Therefore, Defendant Mammoet is entitled to be equitably indemnified and is entitled to judgment against the remaining Defendants for the amount of any judgment rendered for Plaintiff against Defendant Mammoet and for the attorney's fees and expenses incurred in defending this action.

33.     If Defendant Mammoet is held not liable to Plaintiff in this matter, it would have been subjected to liability exposure due to the negligence, breach of contract, breach of warranty, and/or statutory violations of the remaining Defendants. Therefore, Defendant Mammoet is entitled to be equitably indemnified and is entitled to judgment against the remaining Defendants for the attorney's fees and expenses incurred in defending this action.

## FOR A SIXTH DEFENSE AND BY WAY OF CROSS-CLAIM
## AGAINST ALL OTHER DEFENDANTS

34.     This Defendant incorporates its prior responses contained in paragraphs one (1) through thirty-three (33) as if set out fully herein, to the extent consistent herewith.

35.     If Defendant Mammoet is held liable to Plaintiff and pays more than its pro rata share of any judgment , then Defendant Mammoet is entitled to contribution from the remaining Defendants who are found to be joint tortfeasors to the extent that it pays more than its share of liability pursuant to the South Carolina Contribution Among Tortfeasors Act, §§ 15-38-10 through 15-38-70.

WHEREFORE, having fully answered the Plaintiff's Complaint Defendant Mammoet USA South, Inc., prays for the following relief:

a)     that the Plaintiff's Amended Complaint be dismissed as against Defendant Mammoet USA South, Inc.;

b)     that all costs be assessed against the Plaintiff as they pertain to Defendant

Mammoet USA South, Inc.;

    c)    that should Plaintiff obtain judgment against Defendant Mammoet, that Defendant Mammoet be equitably indemnified by the remaining Defendants and obtain judgment against the remaining Defendants in the amount of any judgment Plaintiff obtains against Defendant Mammoet, and for all attorney's fees and costs spent in defending the action;

    d)    that that should Plaintiff obtain judgment against Defendant Mammoet, that Defendant Mammoet recover in contribution against the remaining Defendants to the extent Defendant Mammoet pays more than its pro rata share of liability; and,

    e)    that the Court award any further relief it deems just and proper.

August 9, 2010    By:    */s/ D. Alan Lazenby*
    D. Alan Lazenby (Fed. I.D. No. 7385)

    LAZENBY LAW FIRM, LLC
    Post Office Box 6099 (29304)
    134 Oakland Avenue
    Spartanburg, SC 29302
    Phone: (864) 804-5050
    Fax: (864) 804-5051
    Email: alan@lazenbylawfirm.com

    Attorney for Defendant Mammoet USA South, Inc.