IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Allison Jay, Personal Representative of the Estate of Jeremy Wesley Jay, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| Greentree Transportation Company; Transport Investments, Inc.; Saul A. Carballo, and Mammoet USA South, Inc. | ) ) ) ) ) |
| Defendants. | ) |

C.A. No.: 8:09-CV-3029-RBH

**DEFENDANT GREENTREE TRANSPORTATION COMPANY, TRANSPORT INVESTMENTS, NC. AND SAL A. CARBALLO'S ANSWER TO THE CROSS-CLAIM OF DEFENDANT MAMMOET USA SOUTH, INC.**

**Jury Trial Demanded**

The Defendants Greentree Transportation Company ("Greentree"), Transport Investments, Inc. ("Transport") and Saul A. Carballo ("Carballo"), collectively ("Defendants"), answering the Cross-Claim of the Defendant Mammoet USA South, Inc. ("Mammoet"), would respectfully show unto the Court as follows:

**FOR A FIRST DEFENSE**

1.  Each and every allegation not expressly admitted is denied.

2.  The responses and allegations of Defendant Mammoet USA South, Inc.'s Answer in Paragraphs 1 through 27 do not require a response by these Defendants; to the extent that a response is necessary the allegations are denied.

3.  In response to Paragraph 28, Defendant Greentree admits that it contracted with Defendant Mammoet to deliver a container to Defendant Mammoet's location in Greenwood,

South Carolina. Defendants Greentree and Transportation Investments, Inc. deny the remaining allegations of Paragraph 28 and demand strict proof thereof.

4.  In response to Paragraph 29, Defendants admit that Defendant Saul Carballo was acting an employee, servant, and agent of Defendant Greentree Transportation Company, but deny the remaining allegations of Paragraph 29.

5.  In response to Paragraph 30, Defendants admit that Plaintiff's decedent was killed in an automobile accident on October 26, 2009 involving Defendant Carballo while acting as an agent, servant, and employee of Defendant Greentree; the remaining allegations of Paragraph 30 are denied.

6.  Defendants are without sufficient information to admit or deny the allegations of Paragraph 31 and therefore demand strict proof thereof.

7.  Defendants deny the allegations of Paragraphs 32 and 33.

8.  In response to Paragraph 34, Defendants incorporate the preceding responses, not inconsistent herewith, as if fully set forth herein.

9.  Defendants deny the allegations of Paragraph 35 and Defendant Mammoet's prayer for relief.

## FOR A SECOND DEFENSE

10. The preceding responses, not inconsistent herewith, are incorporated by reference as if fully restated herein.

11. The claims of the Cross-Claimant are barred by the negligence, carelessness, recklessness, willfulness and/or wantonness on the part of Cross-Claimant Mammoet.

12. This defense of comparative negligence on the part of the Cross-Claimant is pled as a complete and total bar to the indemnification claims of the Cross-Claimant.

WHEREFORE, having fully answered the Cross-Claim of the Defendant Mammoet USA South, Inc., Defendants Carballo, Greentree and Transport Investments prays for the following:

    a.    That Defendant Mammoet's Cross-Claim as to these Defendants is dismissed;

    b.    That all costs be assessed against Defendant Mammoet as they pertain to the Cross-Claim; and,

    c.    That the court order any further relief it deems just and proper.

/s/ Kurt M. Rozelsky
Kurt M. Rozelsky (Federal Bar. No. 6299)
Smith Moore Leatherwood LLP
300 East McBee Avenue, Suite 500
Greenville, SC  29601
Phone: (864) 240-2424; Fax: (864) 240-2475
E-mail:Kurt.Rozelsky@smithmoorelaw.com

September 13, 2010