IN THE UNITED STATES DISTRICT COURT
STATE OF SOUTH CAROLINA
GREENWOOD DIVISION
CIVIL ACTION NO.  8:09-cv-03029-JMC

| | |
|---|---|
| ALISON JAY, PERSONAL REPRESENTATIVE OF THE ESTATE OF JEREMY WESLEY JAY, DECEASED | ) ) ) ) ) |
| PLAINTIFF, | ) ) |
| v. | ) ) |
| GREENTREE TRANSPORTATION COMPANY et al | ) ) ) ) |
| DEFENDANTS. | ) ) |

**MOTION FOR APPROVAL OF SETTLEMENT AND HEARING**

The Movant Alison Jay, in her official capacity as Personal Representative and Administratrix of the Estate of Jeremy Wesley Jay, deceased, hereby moves this Court pursuant to the South Carolina Code Ann. §15-51-42 and §62-5-433 for the approval of a settlement as set forth as follows:

1.      Plaintiff alleges that on October 26, 2009 in Edgefield, South Carolina, Defendant, Saul Carballo, was operating a tractor trailer for Defendants, Transport Investments, Inc. and Greentree Transportation, Inc., when he allowed the cargo contained thereon to strike a railroad trestle, causing said cargo to fall from the trailer and onto to passing vehicle of decedent, Jeremy Jay. Defendant, Mammoet USA South, Inc. was the shipper of said cargo who loaded the same three days prior. As a result of the incident, Decedent, Jeremy Jay, sustained injuries from which he died instantly. The Complaint and Amended Complaint contains causes of actions for negligence, wanton, reckless and willful conduct against all Defendants. The Defendants, by way of Answer, denied Plaintiff's allegations.

2.      Plaintiff is the wife of decedent, his sole beneficiary, and the duly appointed Personal

Representative of the Estate of Jeremy Wesley Jay, having been so duly appointed on November 5, 2009, in the Probate Court of Edgefield County, South Carolina. (See Letters of Administration attached as Exhibit "A"). The Plaintiff is a resident of Edgefield County, South Carolina. The decedent at the time of his death was a resident of Edgefield County, South Carolina. The decedent died intestate. The sole statutory beneficiary and heir of the Estate is Alison Jay, the wife of Jeremy Wesley Jay. The Estate of Jeremy Wesley Jay has no outstanding creditors of record, and in addition, there are no outstanding medical bills of other expenses.

3. Following the filing of suit in this case, substantial discovery has taken place. The following depositions have been taken:

1. Defendant, Saul Carballo, the driver of the subject tractor trailer;
2. Tim Beck, an independent contractor and broker for Defendant, Greentree Transportation Company, Inc.;
3. David Tallent, dispatcher for Defendant, Greentree Transportation, Inc.;
4. Larry Cole, OTR Manager for Mammoet USASouth, Inc.;
5. Johnny Shaver, Yard Manager for Mammoet USA South, Inc.;
6. Daniel Krampota, Employee of Mammoet USA South, Inc.;
7. Randall Rumery, Employee of Hatec, Inc.;
8. Joey Hermes, President of Hatec, Inc.;
9. Roger Allen, Plaintiff's Expert;
10. Kenneth Slafka, President of Defendant, Greentree Transportation Company, Inc.; and
11. D. Bruce McAdams, President of Defendant, Transport Investments, Inc.

In addition thereto, substantial discovery has taken place in the form of the exchange of records, documents, photographs, videotapes, etc.

4. The parties to this cause have reached a global settlement in the amount of One Million Six Hundred Forty Eight Thousand Six Hundred and Seventy Five Dollars ($1,648,675.00).

5. The liability insurance carrier for Defendant, Greentree Transportation Company, Inc., is paying its policy limits of Nine Hundred EightyThree Thousand Six Hundred and Seventy Five Dollars ($983,675.00) toward the total settlement amount.

6. Defendant, Greentree Transportation Company, Inc., is paying Two Hundred Twenty Five Thousand Dollars ($225,000.00) in addition to the available liability insurance policy limits toward the total settlement amount.

7. The liability insurance carrier for Defendant, Mammoet U.S.A. South, Inc., is paying Four Hundred Forty Thousand Dollars ($440,000.00) toward the total settlement amount.

8. While denying liability for said accident and resulting injuries and death and subject to approval of the Court, the parties to this action have entered into a settlement agreement, which provides as follows:

    a). Payment of the total sum of One Million Six Hundred Forty Eight Thousand Six Hundred and Seventy Five Dollars ($1,648,675.00) in order to affect a settlement of all claims of the Estate, including any and all claims of said beneficiaries under the South Carolina Wrongful Death Statute. The undisputed evidence is that Jeremy Wesley Jay died instantly and there is no claim for conscious pain and suffering pursuant to the South Carolina Survival Statute.

9. Counsel for Plaintiff includes Jack B. McNamee and Brian K. Miller, McNamee & Miller, Birmingham, Alabama and Charles E. Simmons, III, Aiken South Carolina. The Movant entered into a fee agreement with counsel providing for a contingent fee of Thirty percent (30%) of any recovery in this case after deduction of case expenses. Plaintiff's counsel has incurred expenses in the amount of $29,269.33. A copy of the fee agreement is attached as Exhibit "B" and a disbursement schedule is attached as Exhibit "C." Movant is satisfied that the case expenses are reasonable.

10. Plaintiff believes that the terms of the settlement are in the best interest of the Estate of Jeremy Wesley Jay and the beneficiary, Alison Jay. Plaintiff also believes the attorneys' fees and expenses are reasonable and requests that the Court approve the same.

WHEREFORE, Movant requests that this Court approve the settlement and attorneys' fees and expenses, pursuant to South Carolina §15-51-42 and 62-5-433.

                                              Respectfully submitted,

                                              s/ Charles E. Simons
                                              Charles E. Simons, III (SC Bar Id.5109)
                                              Co-Counsel for Plaintiff (Fed. Id 3844)
                                              P.O. Box 939
                                              Aiken, South Carolina  29802
                                              (803) 649-6221 Telephone
                                              (803) 648-7372 Facsimile
                                              simonsiiic@bellsouth.net

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion for Approval of Settlement and Hearing has been served on counsel of record for all Defendants by electronic mail on the 25th day of July, 2011.

D. Alan Lazenby
Lazenby Law Firm
215 Magnolia Street
Spartanburg, SC 29306
(864) 804-5050 Telephone
(864) 804-5051 Facsimile
alan@lazenbylawfirm.com

Kevin T. Shires
Vernis & Bowling of Atlanta
7100 Peachtree Dunwoody Rd., Ste 300
Atlanta, GA 30328
(404)846-2001 Telephone
(404) 846-2002 Facsimile
Kshires@Georgia-law.com

Kurt Rozelsky
Smith, Moore, Leatherwood
300 East McBee Avenue, Ste 500
Greenville, SC 29601
(864) 240-2424 Telephone
(864) 240-2475 Facsimile
Kurt.Rozelsky@smithmoorelaw.com

s/ Charles E. Simons
Of Counsel

                                     Alison Jay  
                                     Personal Representative of the  
                                     Estate of Jeremy Wesley Jay, Deceased.

SWORN to and subscribed before me

This _____ day of _____, 2011

_____

Notary Public for South Carolina

My Commission Expires:_____